**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Balubhai G. Patel, et al., | Case No. 2:24-cv-01772-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| City of Henderson, et al., | |
| Defendants. | |

Plaintiffs filed a notice of their intent to stand on their first amended complaint and not amend (ECF No. 67) as well as a notice of their inability to locate new local counsel (ECF No. 68). Defendants did not oppose. For the reasons discussed below, the Court grants Plaintiffs' motions/notices and dismisses this case with prejudice.

**I.    BACKGROUND**

Counsel for Plaintiffs, Mr. Weiser, is appearing in this case pro hac vice. ECF No. 37. He designated Neil Beller as local counsel in accordance with this district's local rules. *Id.* On November 12, 2025, Mr. Beller moved to withdraw from the case due to lack of communication and payment. ECF No. 61. The Court granted his request and directed Mr. Weiser to promptly locate new counsel no later than December 4, 2025. ECF No. 62. That same day, the Court entered an order granting Defendants' motion to dismiss with leave to amend certain claims. ECF No. 63. The Court ordered Plaintiffs to file a second amended complaint no later than December 29, 2025. *Id.*

Approximately one week later, Plaintiffs filed a notice of intent to stand on their first amended complaint and not amend. ECF No. 64 (citing *Edwards v. Marin Park*, 356 F.3d 1058 (9th Cir. 2004)). Plaintiffs also filed a notice of inability to locate new counsel. ECF No. 68. They stated that filing an appeal in the Ninth Circuit is not contingent on pro hac vice status in district court, and regardless, the Court has discretion to waive the local counsel requirement under Local Rule IA 11-2(d). *Id.* at 4.

## II.    DISCUSSION

In *Lopez v. City of Needles*, the Ninth Circuit stated that "[u]nless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision." 95 F.3d 20, 22 (9th Cir. 1996). "[F]iling of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable." *Id.* One year later, the Ninth Circuit clarified as follows:

> We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained. To the extent that any of our cases may suggest a different rule, we now overrule them.

*WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1336 (9th Cir. 1997). The Ninth Circuit reaffirmed *WMX Techs* some years later in *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004). It explained that the plaintiff properly filed an election to stand on the sufficiency of her amended complaint in order to appeal the district judge's dismissal order, and that the district judge should have entered a final judgment dismissing all claims with prejudice to allow the case to come to the Ninth Circuit on appeal in that posture. *Id.*

Here, Plaintiffs followed the correct procedure by filing an intent to stand on their first amended complaint and not amend. Therefore, in accordance with Ninth Circuit law, the Court enters a final judgment in this case dismissing all claims with prejudice so that Plaintiffs may appeal. In addition, the Court will exercise its discretion and order that Mr. Weiser does not need to associate local counsel pending his appeal. *See* Local Rule IA 11-2(d) (explaining that an attorney who is granted permission to practice under this rule must associate a resident member of the bar of this court as local counsel "[u]nless the court orders otherwise."). Should the case be remanded, however, the Court may order him to retain local counsel.

## III.    CONCLUSION

**IT IS ORDERED** that Plaintiffs' motions at ECF Nos. 67 and 68 are GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs' claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk's Office enter final judgment in favor of Defendants and close this case.

DATED: December 18, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE